UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| N.E. BRIDGE CONTRACTORS. INC.,<br>    Plaintiff,<br><br>            v.<br><br>CATERPILLAR, INC. AND<br>SOUTHWORTH-MILTON, INC.<br>D/B/A MILTON CAT,<br>    Defendant. | Civil Action No. 19-12383-TSH |

## MEMORANDUM AND ORDER REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION
April 14, 2020

**Hillman, D.J.**

### Background

N.E. Bridge Contractors, Inc. ("Plaintiff" or "NEB") claims it suffered injuries from a series of costly repairs needed on a replacement engine for its 2008 Western Star Truck. On September 30, 2019, Plaintiff filed a civil action in Worcester Superior Court (Docket No. 19 – 1417A) against Caterpillar, Inc. ("CAT") for breach of contract (Count I), negligence (Count II), products liability (Count III), breach of implied warranty of merchantability (Count IV), and violation of M.G.L. c. 93A (Count V). The complaint included claims against Milton Caterpillar as an allegedly culpable wholly-owned subsidiary of CAT doing business in Massachusetts.

On November 11, 2019, CAT removed the action to this Court because of the complete diversity of citizenship between the parties. On November 21, Plaintiff amended its complaint to include as a defendant Southworth-Milton, Inc., d/b/a Milton CAT ("Milton CAT"). (Docket No. 9). This amended complaint clarified Milton CAT's identity as an independent corporate entity

with a primary place of business in Massachusetts, rather than a wholly-owned subsidiary of CAT.

On November 27, CAT filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In its Brief in Opposition to Caterpillar's Motion to Dismiss, Plaintiff raised the concern that this Court no longer has subject matter jurisdiction over this case because the Amended Complaint's addition of Milton CAT as a named party destroyed diversity of citizenship. CAT, in its reply brief, agreed that the Amended Complaint destroyed diversity.

## Standard of Review

Civil defendants "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coalition of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). Where, as is the case here, original jurisdiction was based on diversity of citizenship, district courts maintain jurisdiction when neither plaintiff nor any defendant are citizens of the same jurisdiction and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing defendant has the burden to establish federal jurisdiction. *Youtsey v. Avibank Mtg.*, 734 F. Supp. 2d 230, 233 (D. Mass. 2010) (citing *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009)). Removal jurisdiction is strictly construed, and "[i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). All doubt as to federal court jurisdiction "should be construed in favor of remand because the court has a responsibility to police the border of federal jurisdiction." *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 21 (D. Mass. 2014).

## Discussion

Both NEB and CAT agree that diversity of citizenship was destroyed by inclusion of Milton CAT as a named defendant. Milton CAT's primary place of business in Massachusetts gives it citizenship in the state under 28 U.S.C. § 1332(c)(1). Since plaintiff is a Massachusetts company, the parties are non-diverse. Consequently, this Court lacks the requisite subject matter jurisdiction to rule on the motion to dismiss.

## Conclusion

Because this Court lacks diversity jurisdiction under 28 U.S.C. § 1332, this Court **REMANDS** this case to the Worcester County Superior Court for all further proceedings.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**